UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EUGENIA J. RIFE,                                            Civil No. 09-1454-HA

             Plaintiff,                            OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.
_____

HAGGERTY, District Judge:

     Plaintiff Eugenia J. Rife seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her application for Disability Insurance Benefits

(DIB).  This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g).  After reviewing the record, this court concludes that this action must be remanded for

the calculation and award of benefits.

**FACTUAL AND PROCEDURAL HISTORY**

     Plaintiff was fifty years old at her alleged disability onset date.  She alleges disability due

to degenerative disc disease, bilateral carpal tunnel syndrome, chronic obstructive pulmonary

1- OPINION AND ORDER

disease (COPD), depression, and anxiety.  Her application was denied initially and upon

reconsideration.  An Administrative Law Judge (ALJ) conducted a hearing on November 6,

2008, at which she heard testimony from plaintiff, who was represented by counsel, and a

vocational expert (VE).

On February 4, 2009, the ALJ issued a decision finding that plaintiff was not disabled as

defined in the Social Security Act.  The ALJ found plaintiff's cervical and lumbar degenerative

disc disease to be her only severe impairment.  Tr. 23, Finding 3.[1]

The ALJ determined that plaintiff has the residual functional capacity (RFC) to lift and

carry twenty-five pounds occasionally and ten pounds frequently, and that she can stand, sit, or

walk for six hours out of an eight-hour day, provided that she is given periodic breaks to relieve

her discomfort.  Tr. 25, Finding 5.  The ALJ found that plaintiff should avoid overhead reaching

and exposure to extreme temperatures, fumes, gases, and dust.  *Id.*  The ALJ also limited plaintiff

to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  *Id.*  Based on

plaintiff's RFC and testimony from the VE, the ALJ found that plaintiff could perform jobs

existing in significant numbers in the national economy.  Tr. 29, Finding 10.

The Appeals Council declined plaintiff's request for administrative review, making the

ALJ's decision the final decision of the Commissioner.  Plaintiff subsequently initiated this

action seeking judicial review.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

[1] Tr. refers to the Transcript of the Administrative Record.

2- OPINION AND ORDER

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four to establish his or her disability.  At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g);

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits must be upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

3- OPINION AND ORDER

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of errors committed by the ALJ, including: (1) rejecting plaintiff's testimony; (2) finding that plaintiff's COPD and anxiety were non-severe impairments; (3) rejecting Dr. Gloria's opinion; (4) rejecting the lay witness statement from plaintiff's sister; and (5) failing to provide a complete hypothetical to the VE. Because the ALJ's error concerning plaintiff's testimony compels remand, the court need only address that issue.

### 1.    Plaintiff's testimony

The ALJ concluded that plaintiff's allegations regarding the intensity, persistence, and limiting effect of her symptoms were "disproportionate and not consistent with the corroborating evidence." Tr. 27. To support her credibility finding, the ALJ cited plaintiff's conservative treatment, daily activities, and the discrepancies between plaintiff's testimony at the hearing and a 2007 physical therapy report. *Id.* After reviewing the parties' arguments and the evidence of record, this court finds that the ALJ improperly discredited plaintiff's testimony.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The claimant bears the initial burden of producing objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted). If the claimant meets this threshold, and there is no affirmative evidence of malingering, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*; *see also* Social Security Ruling 96-7p ("[The ALJ's decision] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").

An ALJ may weigh a claimant's credibility using ordinary techniques of credibility evaluation, including the claimant's reputation for lying, inadequately explained failures to seek treatment or to follow a prescribed course of treatment, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R.§ 404.1529(c)(2). However, if the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

Plaintiff's history of severe back pain is well-documented in her medical records and reasonably could cause her alleged symptoms. Tr. 23, 282, 321, 788-90, 794, 807. The parties also agree that no substantive evidence of malingering was presented. The ALJ was therefore

required to provide clear and convincing reasons for discrediting plaintiff. This court finds that the ALJ's basis for her evaluation of plaintiff's testimony was inadequate.

The ALJ's finding that plaintiff only received conservative treatment for her impairments is unconvincing. Plaintiff underwent cervical and lumbar surgery for her degenerative disc disease and regularly takes narcotic medications for her pain. Tr. 38, 40-41, 365-66, 425, 761-62, 807, 810-11, 817-18, 826. The ALJ failed to find any evidence that plaintiff has not pursued all the treatment options available to her.

Plaintiff's daily activities also do not provide a convincing reason for discrediting her testimony. An ALJ may reject a claimant's symptom testimony if the claimant is able to perform household chores or other activities that are transferable to a work setting. *Smolen*, 80 F.3d at 1284 n.7. However, the ALJ must consider that "many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Id.*

The ALJ determined that plaintiff is not limited in her daily activities and noted that she is able to care for herself and her two pets without assistance, perform household chores, drive, walk, play bingo, participate in water aerobics, and socialize with friends and family. Tr. 27-28. The ALJ neglected to address plaintiff's claim that she is only able to complete these activities by taking frequent breaks. Tr. 48-49, 163, 168. Because plaintiff must take periodic breaks due to her back pain and breathing problems, her ability to perform home activities does not establish an ability to work or provide a sufficient basis for discrediting her testimony.

Finally, the ALJ's perceived inconsistency between plaintiff's testimony about her limitations and her 2007 physical therapy report was addressed by plaintiff at her hearing.[2] Plaintiff attempted to explain that the physical therapy report directly referred to her recent neck surgery and did not include any limitations related to her breathing problems or lower back pain. Pl.'s Opening Br. at 15-16.

After reviewing the physical therapy report, this court finds that the report focused on plaintiff's recovery after her cervical fusion, and provides no basis for discrediting plaintiff's testimony. The report addressed plaintiff's pain in her upper extremities and neck, and only described limitations relating to those areas. Tr. 425. Although the report indicated that plaintiff can walk any distance without symptoms, a report from her primary care physician the following day noted that plaintiff can walk only fifty feet without difficulty. Tr. 240. Plaintiff also reported the same limitations in March and September of 2008 to her treating physicians. Tr. 481, 757. Therefore, plaintiff's physical therapy report does not constitute a clear and convincing reason for discrediting plaintiff. In light of this analysis, the court concludes that the ALJ's findings are based on legal error and are not supported by substantial evidence in the record. *See Benton*, 331 F.3d at 1035.

This court has reviewed plaintiff's other arguments and finds that the remaining portions of the ALJ's decision are supported by substantial evidence in the record.

### 2.    Remand

---

[2] After confronting plaintiff with the physical therapy report, the ALJ dismissed plaintiff's explanation for the potential discrepancy and refused to further speak with plaintiff. Tr. 43-50.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). In cases in which an ALJ improperly rejects the claimant's testimony regarding his or her limitations, and the claimant would be disabled if his or her testimony were credited, then that testimony is credited as a matter of law and further proceedings may be unnecessary. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The VE testified that plaintiff would be precluded from competitive employment if she was absent from work more than three days per month, was limited to sitting or standing for two hours with no repetitive use of her arms, or took unscheduled breaks during the work day. Tr. 56-57. If plaintiff's testimony is properly credited regarding her sitting and standing limitations and her need for frequent breaks, the VE's testimony establishes that plaintiff would be precluded from employment. The record makes clear that plaintiff cannot perform any SGA that exists in the national economy, and the case need not be returned to the ALJ for further proceedings. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

## CONCLUSION

Given the foregoing, the record is fully developed and there are no outstanding issues in this matter that require resolution. After giving the evidence in the record the effect required by law, this court finds that plaintiff is disabled under the Act. The final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB on behalf of plaintiff Eugenia J. Rife.

IT IS SO ORDERED.

DATED this ___8___ day of December, 2010.

_____/s/ Ancer L. Haggerty_____

8- OPINION AND ORDER

Ancer L. Haggerty
United States District Judge

9- OPINION AND ORDER