FILED'11 APR 19 12:41USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


EUGENIA J. RIFE,                              Civil No. 09-1454-HA

        Plaintiff,                        ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, District Judge:

      On December 9, 2010, this court entered a Judgment remanding this matter to the

Commissioner for the calculation and award of benefits to plaintiff. Plaintiff's counsel now

moves for a fee award totaling twenty-five percent of plaintiff's retroactive benefits in the amount

of $9,359.25. Although defendant does not object to the proposed award, this court is required to

perform an independent check to ensure that the award is reasonable. *See Gisbrecht v. Barnhart*,

535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's motion for approval of

attorney fees [22] is granted.


1 -- ORDER

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Pursuant to the statutory guidance, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. *See* Pl.'s Mem. at Ex. 2. The terms of this agreement are within the statutory cap, and the fee award currently sought by counsel represents twenty-five percent of plaintiff's total award. *See id.* at Ex. 1.

However, a twenty-five percent contingent-fee award is not automatic or presumed. *Dunnigan v. Commissioner*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). Contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Gisbecht*, 535 U.S. at 807. Counsel therefore must establish that the requested award is reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

The court may reduce a contingent fee if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. The court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

2 -- ORDER

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation, the results obtained, or any delays. Plaintiff's counsel presented sound arguments in his briefing that resulted in a remand for the calculation of benefits. Plaintiff's counsel received one extension to file plaintiff's Opening Brief, but it does not appear that this request was intended to improperly delay this case.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). Counsel claims to have worked 34.7 hours on this case, which results in an hourly rate of $269.72. The court acknowledges that counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, and concludes that counsel has made an adequate showing that a fee award of twenty-five percent of claimant's retroactive benefits is reasonable in this case.

This court also previously awarded plaintiff a fee award of $6,050.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Because counsel received an EAJA fee in this case, the EAJA fee must be deducted from his § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

## CONCLUSION

For the reasons stated, counsel's Motion for Approval of Attorneys Fees [22] is granted. Counsel is entitled to $9,359.25 in § 406(b) fees. After subtracting the EAJA fee award counsel was granted in the amount of $6,050.00, the final fee award is $3,309.25.

IT IS SO ORDERED.

DATED this 19 day of April, 2011.

Ancer L. Haggerty
United States District Judge

3 -- ORDER